IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPTIMIZERx CORPORATION,
a Michigan corporation,

       Plaintiff,

vs.

PHYSICIANS INTERACTIVE INC., a
Delaware corporation, PHYSICIANS
INTERACTIVE HOLDINGS, INC.,
a Delaware corporation, and SKYSCAPE.COM,
INC., a Delaware corporation,

       Defendants.
_____/

George D. Moustakas (P41631)
Donald G. Walker (P57698)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
gdmoustakas@hdp.com
dgwalker@hdp.com
_____/

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

This is an action for patent infringement in which Plaintiff, OptimizeRx Corporation ("OptimizeRx") makes the following allegations against Defendant Physicians Interactive Inc. ("PI"), Physicians Interactive Holdings, Inc. ("PIH"), and Skyscape.com, Inc. ("Skyscape" or collectively "Defendants"):

## The Parties

1.      OptimizeRx is a Michigan Corporation having its principal place of business at 407 Sixth Street, Rochester, Michigan.

2.      Upon information and belief, Defendant PI is a Delaware corporation having its principal place of business at 950 Technology Way, Suite 202, Libertyville, Illinois 60048.

3.      Upon information and belief, Defendant PIH is a Delaware corporation having its principal place of business at 100 Locke Drive, Suite 6, Marlborough, Massachusetts 01752.

4.      Upon information and belief, Defendant Skyscape is a Delaware corporation having its principal place of business at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

5.      Upon information and belief, PI regularly conducts business in this judicial district and elsewhere throughout the United States.  PI may be served with process through its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.      Upon information and belief, PIH regularly conducts business in this judicial district and elsewhere throughout the United States.  PIH may be served with process through its registered agent Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.      Upon information and belief, Skyscape regularly conducts business in this judicial district and elsewhere throughout the United States.  Skyscape may be served with process through its registered agent Sandeep Shah at 950 Technology Drive, Suite 202, Libertyville, Illinois 60048.

**Nature of the Action**

8.      This action for patent infringement is based on United States Patent No. 8,341,015 ("the '015 Patent") (attached as Exhibit A) under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

**Jurisdiction and Venue**

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  On information and belief, Defendants have transacted business in this District, and have committed acts of patent infringement in this District.

11.      On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or Michigan Long Arm Statute, due at least to their substantial business in this forum, including (i) making, using, selling, offering for sale or importing, or inducing same of others, for at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Michigan and in this District.

**Joinder**

12.      On information and belief, joinder of PI, PIH and Skyscape is proper under 35 U.S.C. § 299 due to:  (i) the Defendants' collective manufacture, use, offer for sale and/or sale in this District of the accused products as identified and described herein, and (ii) questions of fact

3

that are common as to the Defendants will arise in this action.  In addition, the interrelationships of the Defendants can be found on PI's website as it concerns, at least, the eCoupon™ automated voucher and coupon distribution product.

**The Patent-in-Suit**

13.     On December 25, 2012, the '015 Patent, titled "Virtual Sample Cabinet System and Method for Prescription Drug Marketing," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '015 Patent is directed, among other things, to a method to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies.

14.     OptimizeRx is the assignee of all right, title and interest in the '015 Patent ("Patent-in-Suit"), and possess all rights to sue and recover for any current or past infringement of the Patent-in-Suit.

15.     The '015 Patent is valid and enforceable.

**Count I**
**Infringement of U.S. Patent No. 8,341,015**

16.     Paragraphs 1-15 are incorporated by reference as if fully restated herein.

17.     On information and belief, PI has infringed and continues to infringe, directly and/or indirectly, one or more claims of the '015 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, a product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, that infringes one or more claims of the

4

'015 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using a product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, in a manner that infringes one or more claims of the '015 Patent. The infringing product includes, but is not limited to, the eCoupon™ automated voucher and coupon distribution product as further described, for example, at http://www.physiciansinteractive.com/solutions/digital-marketing/ecoupon/. A product demo is available at http://physinteractive.com/Demo/eCouponDemo/index.html.

18.     PI's acts of infringement of the '015 Patent will continue, without authority or license, unless this Court enjoins PI's infringing activities.

19.     On information and belief, PI's continued infringement, without cessation, will represent willful and deliberate conduct. PI's infringing activities, constitutes and/or will constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

20.     On information and belief, PI markets products, including the eCoupon™ product, that competes with Plaintiffs' products based on the technology in the '015 Patent. Through such activities, PI competes for and misappropriates sales and profits for Plaintiffs' products based on the technology in the '015 Patent. As a result of the sale and/or distribution of PI's infringing product, Plaintiff has had lost revenue, profits and/or royalties and has suffered irreparable harm.

21.     Plaintiff has been, is being, and will continue to be damaged by PI's infringing activities.  Plaintiff's harm resulting from PI's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages.  Plaintiff does not have an adequate remedy at law.

22.     On information and belief, PIH has infringed and continues to infringe, directly and/or indirectly, one or more claims of the '015 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, a product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, that infringes one or more claims of the '015 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using  a product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, in a manner that infringes one or more claims of the '015 Patent.  The infringing product includes, but is not limited to, the eCoupon™ automated voucher and coupon distribution product as further described, for example, at http://www.physiciansinteractive.com/solutions/digital-marketing/ecoupon/.      A     product     demo     is     available     at http://physinteractive.com/Demo/eCouponDemo/index.html.

23.     PIH's acts of infringement of the '015 Patent will continue, without authority or license, unless this Court enjoins PIH's infringing activities.

24.     On information and belief, PIH's continued infringement, without cessation, will represent willful and deliberate conduct.  PIH's infringing activities, constitutes and/or will constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

25.     On information and belief, PIH markets products, including the eCoupon™ product, that competes with Plaintiffs' products based on the technology in the '015 Patent. Through such activities, PIH competes for and misappropriates sales and profits for Plaintiffs' products based on the technology in the '015 Patent.  As a result of the sale and/or distribution of PIH's infringing product, Plaintiff has had lost revenue, profits and/or royalties and has suffered irreparable harm.

26.     Plaintiff has been, is being, and will continue to be damaged by PIH's infringing activities.  Plaintiff's harm resulting from PIH's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages.  Plaintiff does not have an adequate remedy at law.

27.     On information and belief, Skyscape has infringed and continues to infringe, directly and/or indirectly, one or more claims of the '015 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, a product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, that infringes one or more claims of the '015 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using  a

product to provide doctors and/or staff through their desktop or mobile device to centrally search, review product information and insurance coverage and print or electronically send prescription drug sample vouchers and savings coupons to selected pharmacies, in a manner that infringes one or more claims of the '015 Patent.  The infringing product includes, but is not limited to, the eCoupon™ automated voucher and coupon distribution product as further described, for example, at http://www.physiciansinteractive.com/solutions/digital-marketing/ecoupon/.       A       product       demo       is       available       at http://physinteractive.com/Demo/eCouponDemo/index.html.

28.   Skyscape's acts of infringement of the '015 Patent will continue, without authority or license, unless this Court enjoins Skyscape's infringing activities.

29.   On information and belief, Skyscape's continued infringement, without cessation, will represent willful and deliberate conduct.  Skyscape's infringing activities, constitutes and/or will constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

30.   On information and belief, Skyscape markets products, including the eCoupon™ product, that competes with Plaintiffs' products based on the technology in the '015 Patent.  Through such activities, Skyscape competes for and misappropriates sales and profits for Plaintiffs' products based on the technology in the '015 Patent.  As a result of the sale and/or distribution of Skyscape's infringing product, Plaintiff has had lost revenue, profits and/or royalties and has suffered irreparable harm.

31.   Plaintiff has been, is being, and will continue to be damaged by Skyscape's infringing activities.  Plaintiff's harm resulting from Skyscape's infringement includes harm that

is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

## Prayer for Relief

WHEREFORE, Plaintiff OptimizeRx respectfully requests that this Court enter judgment against Defendants, as follows:

A.      Adjudging that the Defendants have directly infringed, literally or under the doctrine of equivalents, the Patent-in-Suit;

B.      Awarding Plaintiff damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, and ordering a full account of same;

C.      Awarding Plaintiff enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement of the Patent-in-Suit;

D.      Awarding Plaintiff attorneys' fees pursuant to 35 U.S.C. § 285, for Defendants' willful infringement of the Patent-in-Suit;

E.      Awarding Plaintiff pre-judgment and post-judgment interest on its damages; and

F.      Awarding Plaintiff such other and further relief in law or equity that the Court deems just and proper.


## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated:  February 6, 2013                    Respectfully submitted,


                                    By:     s/ George D. Moustakas /
                                            HARNESS, DICKEY & PIERCE, P.L.C.
                                            George D. Moustakas (P41631)
                                            Donald G. Walker (P57698)
                                            5445 Corporate Drive, Ste. 200
                                            Troy, MI 48098
                                            (248) 641-1600
                                            (248) 641-0270 Fax
                                            gdmoustakas@hdp.com

                                            *Attorneys for Plaintiff*

17467312.1

10