**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **OPTIMIZERX CORPORATION, a Michigan corporation**<br><br>**Plaintiff,**<br>**v.**<br><br>**PHYSICIANS INTERACTIVE INC., a Delaware corporation, PHYSICIANS INTERACTIVE HOLDINGS, INC., a Delaware corporation, and SKYSCAPE.COM, INC., a Delaware corporation,**<br><br>**Defendants.** | Case No. 2:13-cv-10481-AC-DRG<br><br>Hon. Avern Cohn<br>Mag. Judge David R. Grand |

# DEFENDANTS PHYSICIANS INTERACTIVE, INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., AND SKYSCAPE.COM, INC.'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., and SKYSCAPE.COM, INC. (hereinafter "Defendants"), with their principal place of business at 293 Boston Post Road West, Marlborough, Massachusetts 01752, by and through their attorneys for their answer to the Complaint (the "Complaint") filed by plaintiff OPTIMIZERx CORPORATION ("Plaintiff"), state as follows:

**THE PARTIES**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant, PHYSICIANS INTERACTIVE INC., admits it is a Delaware corporation and states that it has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

3. Defendant, PHYSICIANS INTERACTIVE HOLDINGS, INC., admits it is a Delaware corporation and states that it has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

4. Defendant, SKYSCAPE.COM, INC., admits it is a Delaware corporation and states that it has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth a legal conclusion for which no response is required.

## NATURE OF ACTION

8. Paragraph 8 of the Complaint sets forth a legal conclusion for which no response is required.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint sets forth a legal conclusion for which no response is required.

10. Paragraph 10 of the Complaint sets forth a legal conclusion for which no response is required and Defendants deny the other allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## JOINDER

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## THE PATENT IN SUIT

13. Defendants admit that the United States Patent and Trademark Office granted the '015 patent on December 25, 2012 to David A. Harrell but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

## COUNT I

## Infringement of U.S. Patent No. 8,341,015

16. Paragraphs 1-15 are incorporated by reference as if fully restated herein.

17. Physicians Interactive denies the allegations contained in Paragraph 17 of the Complaint.

18. Physicians Interactive denies the allegations contained in Paragraph 18 of the Complaint.

19. Physicians Interactive denies the allegations contained in Paragraph 19 of the Complaint.

20. Physicians Interactive admits that they marketed products that competed with Plaintiffs product but deny the allegations in Paragraph 20 of the Complaint.

21. Physicians Interactive denies the allegations contained in Paragraph 21 of the Complaint.

22. Physicians Interactive denies the allegations contained in Paragraph 22 of the Complaint.

23. Physicians Interactive denies the allegations contained in Paragraph 23 of the Complaint.

24. Physicians Interactive denies the allegations contained in Paragraph 24 of the Complaint.

25. Physicians Interactive admits to marketing an eCoupon product but denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Physicians Interactive denies the allegations contained in Paragraph 26 of the Complaint.

27. Physicians Interactive denies the allegations contained in Paragraph 27 of the Complaint.

28. Physicians Interactive denies the allegations contained in Paragraph 28 of the Complaint.

29. Physicians Interactive denies the allegations contained in Paragraph 29 of the Complaint.

30. Physicians Interactive admits marketing an electronic coupon type product\services but denies the other allegations in Paragraph 30 of the Complaint.

31. Physicians Interactive denies the allegations contained in Paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

32. Upon information and belief, the '015 patent is invalid, void and unenforceable for failure to comply with the patent laws of the United States, 35 U.S.C. §1 et seq., for one or more reasons set forth in Paragraphs 33 to 36 below, or for reasons of which Defendants may hereafter become informed.

## SECOND AFFIRMATIVE DEFENSE

33. Upon information and belief, the '015 patent does not meet the conditions specified in 35 U.S.C. §102 and is invalid, void and unenforceable against Defendants for one or more of the reasons (a) through (g) listed below:

(a) The invention claimed therein was known or used by others in this country before the date of the alleged invention thereof by the applicant [§102(a)];

(b) The invention claimed therein was patented or described in a printed publication in this or a foreign country before the date of the invention thereof by the applicant [§102(a)];

(c) The invention claimed therein was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States [§102(b)];

(d) The invention claimed therein was in public use or on sale in this country more than one year prior to the date of the application for patent in United States [§102(b)];

(e) The invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicants [§102(e)];

(f) The applicants did not invent the subject matter claimed therein [§102(f)];

(g) The invention claimed therein was made in this country by another who had not abandoned, suppressed or concealed it prior to the applicants' invention thereof [§102(g)].

**THIRD AFFIRMATIVE DEFENSE**

34. Upon information and belief, the '015 patent does not meet the conditions specified in 35 U.S.C. §103 and is invalid, void and unenforceable

against Defendants because of the differences between the patented subject matter and the prior art are such that the subject matter as a whole was obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

## FOURTH AFFIRMATIVE DEFENSE

35. Upon information and belief, the '015 patent does not meet one or more of the conditions specified in the 35 U.S.C. §112 and is invalid, void and unenforceable against Defendants, for either or both of the following reasons:

(a) The specification thereof is incomplete, vague and indefinite and does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the invention;

(b) The claims of the patent are vague, functional and indefinite and fail to particularly point out and distinctly claim the subject matter of the alleged invention.



BIK

**FIFTH AFFIRMATIVE DEFENSE**

36. Upon information and belief, the '015 patent is invalid, void and unenforceable on the ground that the applicants engaged in inequitable conduct and/or committed fraud on the Patent Office by failing to disclose prior art which was material to the patentability of said application or by otherwise failing to meet applicants' duty of candor to the Patent Office.

**SIXTH AFFIRMATIVE DEFENSE**

37. On information and belief Plaintiff has known for a considerable amount of time of the sale of Defendants' accused products\services in the United States. Plaintiff's unreasonable delay in filing this suit constitutes laches. Further, Defendants' detrimental reliance upon the delay estops Plaintiff from asserting any prospective relief.

**SEVENTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver and acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE (Failure to State a Claim)**

40. Plaintiff's Complaint fails to state a claim against Defendant's et al. upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE (Non-Infringement)**

41. Defendant's et al. has not directly or indirectly infringed, contributed to others' infringement, or induced others to infringe, and does not directly or indirectly infringe, contribute to others' infringement, or induce others to infringe, any claims of U.S. Patent 8,341,015 ("the '015 Patent").

**TENTH AFFIRMATIVE DEFENSE (Invalidity)**

42. The '015 patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code §§101, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE (Failure to Provide Notice)**

43. To the extent Plaintiff or any predecessors-in-interest to the '015 patent failed to properly mark any of their relevant products\services as required by 35 U.S.C. §287 or otherwise give proper notice that Defendant's et al.'s actions allegedly infringed the '015 patent, Defendant's et al. are not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '015 patent.

**TWELFTH AFFIRMATIVE DEFENSE (Unclean Hands)**

44. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.



BIK

## THIRTEENTH AFFIRMATIVE DEFENSE

45. Defendants reserve their right to amend this Answer to the Complaint to assert such additional separate defenses as discovery may reveal.

## OTHER DEFENSES RESERVED

46. In addition to the foregoing defenses, Defendant's et al. reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, and in accordance with the Federal Rules of Civil Procedure and the orders of the Court.

# COUNTERCLAIM

## PARTIES

47. Defendants/Counterclaimant Plaintiff is a corporation organized under the laws of the State of Delaware and has a corporate headquarters at 293 Boston Post Road, Marlborough, Massachusetts 01752.

48. Upon information and belief, Plaintiff\Counterclaimant Defendant is a corporation organized under the laws of the State of Michigan and has a place of business at 950 Technology Way, Suite 202, Libertyville, IL 60048.

## JURISDICTION AND VENUE

49. This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court thus has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1338(a) and 2201. This court also has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §1332(a) since it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

50. Venue in this Court is proper under the provisions of 28 U.S.C. §§1391(b)(1), (c) and 1400(b).

**COUNT I**

**Declaratory Judgment Of Non-Infringement Of The '015 Patent**

51. This is an action for declaratory judgment against Plaintiff OPTIMIZERx CORPORATION seeking declaratory relief with respect to U.S. Patent No. 8,341,015 and under the provisions of 28 U.S.C. Chapter 151 §§2201 and 2202.

52. A valid and justiciable controversy regarding the '015 Patent exists between Plaintiff and Defendants based on the allegations set forth previously. The allegations described in those paragraphs constitute assertions that Defendants infringe claims of the '015 patent.

53. On February 22, 2000, the '015 patent was issued with David A. Harrell as the named inventor.

54. Plaintiff claims to be the owner of all rights, title, and interest in and to the '015 patent, including the right to sue and recover for damages.

55. Plaintiff alleges that Defendants' sale of certain products\services infringe the '015 patent.

56. The products\services sold by Defendants have not and do not infringe any claim of the '015 patent directly or indirectly, literally or under the doctrine of equivalence.

57. Pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaratory judgment that Defendants do not infringe any claims of the '015 patent and any other relief that the Court deems necessary or proper.

**COUNT II**

**Declaratory Judgment Of Invalidity Of The '015 Patent**

58. The claims of the '015 patent are invalid, void and unenforceable for failure to comply with one or more of the requirements of the Patent Laws of the United States, including 35 U.S.C. §§ 101, 102, 103 and 112, as set forth fully in the Affirmative Defenses at one or more of paragraphs 32-39 herein above, all of which are incorporated herein by reference.

59. There is an actual substantial and continuing justiciable controversy between the parties having adverse interest of sufficient immediacy and relativity as to the validity, infringement and enforceability of the '015 patent to warrant the issuance of a declaratory judgment of invalidity of the '015 patent.

60. A valid and justiciable controversy regarding the '015 patent exists between Plaintiff and Defendants based on the allegations set forth previously. The threats described in those paragraph constitute assertions that Defendants infringed valid claims of the '015 patent.

57. Pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaratory judgment that the '015 patent is invalid and any other relief that the Court deems necessary or proper.

## RELIEF REQUESTED

**WHEREFORE,** Defendants, PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., and SKYSCAPE.COM, INC., demand judgment against Plaintiff, OPTIMIZERx CORPORATION, as follows:

(a) That a judgment be entered declaring that the '015 patent is not infringed by Defendants and that the '015 patent is invalid, void and unenforceable;

(b) The Defendants be awarded their costs, disbursements and attorneys' fees incurred in this action, pursuant to 35 U.S.C. §285 and other provisions of the law;

(c) Denying each and every demand sought in the Complaint;

(d) Dismissing the Complaint with prejudice; and

(e) The Defendants be granted such other and further relief that the Court deems just and proper.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: July 30, 2013

/s/ Mark A. Cantor

Mark A. Cantor (P32661)
Robert C.J. Tuttle (P25222)
Chanille Carswell (P53754)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
rtuttle@brookskushman.com
ccarswell@brookskushman.com

John H. Pearson, Jr.
PEARSON & PEARSON, LLP
10 George Street
Lowell, MA 01852
Tel: (978) 452-1971 / Fax: (978) 453-8887
Email: jpearson@pearson-pearson.com

*Attorneys for Defendants*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 30, 2013, I electronically filed the foregoing DEFENDANTS PHYSICIANS INTERACTIVE, INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., AND SKYSCAPE.COM, INC.'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:

John H. Pearson, Jr.
PEARSON & PEARSON, LLP
10 George Street
Lowell, MA 01852
Tel: (978) 452-1971 / Fax: (978) 453-8887
Email: jpearson@pearson-pearson.com

**BROOKS KUSHMAN P.C.**

/s/ Mark A. Cantor
Mark A. Cantor (P32661)
Robert C.J. Tuttle (P25222)
Chanille Carswell (P53754)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
rtuttle@brookskushman.com
ccarswell@brookskushman.com

*Attorneys for Defendants*