**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **OPTIMIZERX CORPORATION,**<br>**a Michigan corporation**<br><br>**Plaintiff,**<br>**v.**<br><br>**PHYSICIANS INTERACTIVE INC., a Delaware corporation, PHYSICIANS INTERACTIVE HOLDINGS, INC., a Delaware corporation, and SKYSCAPE.COM, INC., a Delaware corporation,**<br><br>**Defendants.** | Case No. 2:13-cv-10481-AC-DRG<br><br>Hon. Avern Cohn<br>Mag. Judge David R. Grand |

# DEFENDANTS' PHYSICIANS INTERACTIVE, INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., AND SKYSCAPE.COM, INC.'S SECOND AMENDED ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

BIK

Pursuant to Federal Rules of Civil Procedures Rule 15(a)(1)(B), Defendants, PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., And SKYSCAPE.COM, INC., file AMENDED DEFENDANTS PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., AND SKYSCAPE.COM, INC.'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS.

Defendants, PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., and SKYSCAPE.COM, INC. (hereinafter "Defendants"), with their principal place of business at 293 Boston Post Road West, Marlborough, Massachusetts 01752, by and through their attorneys for their answer to the Complaint (the "Complaint") filed by plaintiff OPTIMIZERx CORPORATION ("Plaintiff"), state as follows:

## THE PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant, PHYSICIANS INTERACTIVE INC., denies it is a Delaware corporation but admits that it was merged into SKYSCAPE.COM, INC. under the name of SKYSCAPE.COM, INC. and states that SKYSCAPE.COM,

INC. has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

3. Defendant, PHYSICIANS INTERACTIVE HOLDINGS, INC., admits it is a Delaware corporation and states that it has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

4. Defendant, SKYSCAPE.COM, INC., admits it is a Delaware corporation and states that it has an address at 293 Boston Post Road West, Suite 320, Marlborough, Massachusetts 01752.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth a legal conclusion for which no response is required.

## NATURE OF ACTION

8. Paragraph 8 of the Complaint sets forth a legal conclusion for which no response is required.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint sets forth a legal conclusion for which no response is required.



BIK

10. Paragraph 10 of the Complaint sets forth a legal conclusion for which no response is required and Defendants deny the other allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## JOINDER

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## THE PATENT IN SUIT

13. Defendants admit that the United States Patent and Trademark Office granted the '015 patent on December 25, 2012 to David A. Harrell but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

## COUNT I
## Infringement of U.S. Patent No. 8,341,015

16. Paragraphs 1-15 are incorporated by reference as if fully restated herein.

17. Physicians Interactive denies the allegations contained in Paragraph 17 of the Complaint.

18. Physicians Interactive denies the allegations contained in Paragraph 18 of the Complaint.

19. Physicians Interactive denies the allegations contained in Paragraph 19 of the Complaint.

20. Physicians Interactive admits that they marketed products that competed with Plaintiffs product but deny the allegations in Paragraph 20 of the Complaint.

21. Physicians Interactive denies the allegations contained in Paragraph 21 of the Complaint.

22. Physicians Interactive denies the allegations contained in Paragraph 22 of the Complaint.

23. Physicians Interactive denies the allegations contained in Paragraph 23 of the Complaint.

24. Physicians Interactive denies the allegations contained in Paragraph 24 of the Complaint.

25. Physicians Interactive admits to marketing an eCoupon product but denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Physicians Interactive denies the allegations contained in Paragraph 26 of the Complaint.

27. Physicians Interactive denies the allegations contained in Paragraph 27 of the Complaint.

28. Physicians Interactive denies the allegations contained in Paragraph 28 of the Complaint.

29. Physicians Interactive denies the allegations contained in Paragraph 29 of the Complaint.

30. Physicians Interactive admits marketing an electronic coupon type product\services but denies the other allegations in Paragraph 30 of the Complaint.

31. Physicians Interactive denies the allegations contained in Paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

32. Upon information and belief, the ‘015 patent is invalid, void and unenforceable for failure to comply with the patent laws of the United States, 35

U.S.C. §1 et seq., for one or more reasons set forth in Paragraphs 33 to 36 below, or for reasons of which Defendants may hereafter become informed.

## SECOND AFFIRMATIVE DEFENSE

33. Upon information and belief, the ‘015 patent does not meet the conditions specified in 35 U.S.C. §102 and is invalid, void and unenforceable against Defendants for one or more of the reasons (a) through (g) listed below:

(a) The invention claimed therein was known or used by others in this country before the date of the alleged invention thereof by the applicant [§102(a)];

(b) The invention claimed therein was patented or described in a printed publication in this or a foreign country before the date of the invention thereof by the applicant [§102(a)];

(c) The invention claimed therein was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States [§102(b)];

(d) The invention claimed therein was in public use or on sale in this country more than one year prior to the date of the application for patent in United States [§102(b)];



BIK

(e) The invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicants [§102(e)];

(f) The applicants did not invent the subject matter claimed therein [§102(f)];

(g) The invention claimed therein was made in this country by another who had not abandoned, suppressed or concealed it prior to the applicants' invention thereof [§102(g)].

## THIRD AFFIRMATIVE DEFENSE

34. Upon information and belief, the '015 patent does not meet the conditions specified in 35 U.S.C. §103 and is invalid, void and unenforceable against Defendants because of the differences between the patented subject matter and the prior art are such that the subject matter as a whole was obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

## FOURTH AFFIRMATIVE DEFENSE

35. Upon information and belief, the '015 patent does not meet one or more of the conditions specified in the 35 U.S.C. §112 and is invalid for either or both of the following reasons:

(a) The specification thereof is incomplete, vague and indefinite and does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the invention;

(b) The claims of the patent are vague, functional and indefinite and fail to particularly point out and distinctly claim the subject matter of the alleged invention.

## FIFTH AFFIRMATIVE DEFENSE

36. Upon information and belief, the ‘015 patent is unenforceable on the ground that the applicants engaged in inequitable conduct and/or committed fraud on the Patent Office by failing to disclose prior art which was material to the patentability of said application or by otherwise failing to meet applicants’ duty of candor to the Patent Office, as stated with particularity in the following.

37. David A. Harrell is named as inventor of U.S. Patent No. 8.341,015, which issued on December 25, 2012, from Appl. Ser. No. 12/655,558, filed December 31, 2009.

38. On December 31, 2009, David A. Harrell signed a Declaration, pursuant to 35 U.S.C. §115, stating, in relevant part, "I acknowledge the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56 … ."

39. 37 C.F.R. 1.56(a) states, in relevant part:

> a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned.

40. David A. Harrell was the owner of Appl. Ser. No. 12/655,558 at all times during its pendency before the U.S. Patent and Trademark Office, from filing on December 31, 2009 through issuance on December 25, 2012.

41. David A. Harrell was at all relevant times a principal of plaintiff OptimizerX Corporation, and at the time of issuance of U.S. Patent No. 8,341,015 was its Vice Chairman with management responsibility for developing corporate strategy and product innovation.

42. Plaintiff OptimizerX Corporation has represented that U.S. Patent No. 8,341,015 covers Plaintiff's "SAMPLE MD" commercial product. *See, e.g.*,

OptimizerX Corporation's Form 10-K for the fiscal year ended December 31, 2012, page 4: "*In the fourth quarter of 2012, we were awarded a patent for our innovative Sample MD*."

43. On November 2, 2012, during the pendency of Appl. Ser. No. 12/655,558, LDM Group, LLC sued OptimizerX Corporation, a Nevada corporation, and Plaintiff OptimizerX Corporation, a Michigan corporation, for infringement of U.S. Patent No. 8,121,868 to Grady *et al*, in United States District Court for the Eastern District of Missouri, Case No. 4:12-cv-02043-HEA ("the 2012 ED Mo Action").

44. The 2012 ED Mo Action was based on an allegation that the "SAMPLE MD" product "uses systems and methods that perform the elements of the claims of the '868 patent." (Complaint, ¶15.)

45. U.S. Patent No. 8,121,868 to Grady *et al* claims a priority filing date of at least as early as September 9, 2005.

46. U.S. Patent No. 8,121,868 is prior art to U.S. Patent No. 8,341,015.

47. The 2012 ED Mo Action was settled and dismissed on March 7, 2013.

48. Upon information and belief, in settlement of the 2012 ED Mo Action, the OptimizerX defendants admitted the "SAMPLE MD" product uses systems and methods that perform the elements of the claims of the '868 patent. (Source: First Amended Complaint, ¶5, in *LDM Group, LLC v. OptimizerX*



BIK

*Corporation, et al*, Case No. 4:13-cv-00773-HEA, U.S. District Court, E.D. Missouri, filed September 18, 2013.)

49. David A. Harrell knew of the materiality of prior art U.S. Patent No. 8,121,868 during the pendency of Appl. Ser. No. 12/655,558.

50. David A. Harrell, as named inventor and owner of Appl. Ser. No. 12/655,558, owed a duty to disclose to the Office all information he knew to be material to patentability.

51. David A. Harrell knew that the SAMPLE MD product was represented as being covered by the claims of U.S. Patent No. 8,341,015.

52. As a fiduciary of Plaintiff OptimizerX Corporation, David A. Harrell knew, during the pendency of Appl. Ser. No. 12/655,558, that the SAMPLE MD product was accused of infringing U.S. Patent No. 8,121,868.

53. David A. Harrell did not disclose prior art U.S. Patent No. 8,121,868 to the Office during the pendency of Appl. Ser. No. 12/655,558, despite having knowledge of the materiality of the Grady *et al* '868 patent.

54. In view of the admission in settlement of the 2012 ED Mo Action that the SAMPLE MD product infringes prior art patent U.S. 8,121,868, as appears in Complaint ¶5 of Case No. 4:13-cv-00773-HEA, the Grady *et al* '868 patent qualifies as "but for" material prior art that defeats the patentability of claims 1 and 2 of U.S. Patent No. 8,341,015.



BIK

55. U.S. Patent No. 8,341,015 is unenforceable for inequitable conduct in its procurement before the U.S. Patent and Trademark Office.

## SIXTH AFFIRMATIVE DEFENSE

56. On information and belief Plaintiff has known for a considerable amount of time of the sale of Defendants' accused products\services in the United States. Plaintiff's unreasonable delay in filing this suit constitutes laches. Further, Defendants' detrimental reliance upon the delay estops Plaintiff from asserting any prospective relief.

## SEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE (Failure to State a Claim)

58. Plaintiff's Complaint fails to state a claim against Defendant's et al. upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE (Non-Infringement)

59. Defendants have not directly or indirectly infringed, contributed to others' infringement, or induced others to infringe, and does not directly or indirectly infringe, contribute to others' infringement, or induce others to infringe, any claims of U.S. Patent 8,341,015 ("the '015 Patent").

**TENTH AFFIRMATIVE DEFENSE (Invalidity)**

60. The ‘015 patent is invalid for failure to comply with one or more of the requirements of patentability as set forth in Title 35 of the United States Code §§101, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE (Failure to Provide Notice)**

61. To the extent Plaintiff or any predecessors-in-interest to the ‘015 patent failed to properly mark any of their relevant products\services as required by 35 U.S.C. §287 or otherwise give proper notice that Defendant’s et al.’s actions allegedly infringed the ‘015 patent, Defendants are not liable to Plaintiff for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the ‘015 patent.

**TWELFTH AFFIRMATIVE DEFENSE (Unclean Hands)**

62. Plaintiff’s claims are barred in whole or in part by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

63. U.S. Patent No. 8,341,015 is unenforceable for misrepresentations made of “small entity” status.

64. For the entire pendency of Appl. Ser. No. 12/655,558, from filing of the application on December 31, 2009, through issuance of U.S. Patent No.

8,341,015, the applicant David A. Harrel represented that he was a "small entity," in the sense of 37 C.F.R. 1.27(a).

65. By claiming small entity status, David A. Harrell paid reduced fees, including the application filing fee and the issue fee.

66. As a fiduciary of Plaintiff OptimizerX Corporation, a Michigan corporation, David A. Harrell was under a duty (at least a common law duty) to assign Appl. Ser. No. 12/655,558 to OptimizerX Corporation.

67. David A. Harrell did assign Appl. Ser. No. 12/655,558 and U.S. Patent No. 8,341,015, to OptimizerX Corporation on February 6, 2013 (the date this civil action was commenced).

68. Plaintiff OptimizerX Corporation has disclosed in discovery in this action that U.S. Patent No. 8,341,015 has been licensed to at least four entities, including AllScripts Healthcare Solutions, Inc. and Healthtronics, Inc. *See* Plaintiff's Response to Defendant Physician's Interactive Holdings, Inc.'s Interrogatory No. 6.

68. AllScripts Healthcare Solutions, Inc. had approximately 7100 employees as of December 31, 2012, and is a "large entity," in the sense of 37 C.F.R. 1.27. (Source: AllScripts Form 10-K, 12/31/2012.)

69. Healthtronics, Inc. had approximately 619 employees as of December 31, 2009, and is a "large entity," in the sense of 37 CRF 1.27. (Source: Healthtronics Form 10-K, 12/31/2009.)

70. Plaintiff OptimizerX Corporation became ineligible for "small entity" status upon licensing Appl. Ser. No. 12/655,558 or U.S. Patent No. 8,341,015.

71. 37 CRF 1.27(g)(2) requires notification of a change in small entity status upon payment of the issue fee:

> (2) Notification of loss of entitlement to small entity status is required when issue and maintenance fees are due. Notification of a loss of entitlement to small entity status must be filed in the application or patent prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity as defined in paragraph (a) of this section is no longer appropriate. The notification that small entity status is no longer appropriate must be signed by a party identified in § 1.33(b). Payment of a fee in other than the small entity amount is not sufficient notification that small entity status is no longer appropriate.

72. Neither David A. Harrell nor Plaintiff OptimizerX has ever notified the U.S. Patent and Trademark Office of the loss of small entity status of Appl. Ser. No. 12/655,558 or U.S. Patent No. 8,341,015.

73. David A. Harrell paid the issue fee for Appl. Ser. No. 12/655,558 as a small entity.

74. 37 C.F.R. 1.27(c)(4) governs the claim of small entity status in continuing applications:

> **(4) Assertion required in related, continuing, and reissue applications.** Status as a small entity must be specifically established by an assertion in each related, continuing and reissue application in which status is appropriate and desired. Status as a small entity in one application or patent does not affect the status of any other application or patent, regardless of the relationship of the applications or patents. The refiling of an application under § 1.53 as a continuation, divisional, or continuation-in-part application (including a continued prosecution application under § 1.53(d) ), or the filing of a reissue application, requires a new assertion as to continued entitlement to small entity status for the continuing or reissue application.

75. David A. Harrell and Plaintiff OptimizerX Corporation continue to falsely represent their small entity status in continuation, divisional, or continuation-in-part applications, including: Appl. Ser. No. 13/691,053, filed 11/30/2012; Appl. Ser. No. 13/778,277, filed 2/27/2013; and Appl. Ser. No. 13/864,584, filed 4/17/2013.

76. 37 C.F.R. 1.27(h) provides:

> **(h) Fraud attempted or practiced on the Office. (1)** Any attempt to fraudulently establish status as a small entity, or pay fees as a small entity, shall be considered as a fraud practiced or attempted on the Office.

77. David A. Harrell and Plaintiff OptimizerX Corporation have falsely represented their small entity status their small entity status to allow them to pay reduced fees.

78. U.S. Patent No. 8,341,015 is unenforceable for falsely claiming small entity status. *Nilssen v. Osram Sylvania, Inc.*, 504 F. 3d 1223, 1233 (Fed. Cir. 2007).

## COUNTERCLAIM

## PARTIES

79. Defendant, SKYSCAPE.COM, INC., a Delaware corporation/Counterclaimant Plaintiff is a corporation organized under the laws of the State of Delaware and has a corporate headquarters at 293 Boston Post Road, Marlborough, Massachusetts 01752.

80. Upon information and belief, Plaintiff\Counterclaimant Defendant is a corporation organized under the laws of the State of Michigan and has a place of business at 950 Technology Way, Suite 202, Libertyville, IL 60048.

## JURISDICTION AND VENUE

81. This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court thus has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1338(a) and 2201. This court also has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §1332(a) since it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

82. Venue in this Court is proper under the provisions of 28 U.S.C. §§1391(b)(1), (c) and 1400(b).

## COUNT I

## Declaratory Judgment Of Non-Infringement Of The '015 Patent

83. This is an action for declaratory judgment against Plaintiff OPTIMIZERx CORPORATION seeking declaratory relief with respect to U.S. Patent No. 8,341,015 and under the provisions of 28 U.S.C. Chapter 151 §§2201 and 2202.

84. A valid and justiciable controversy regarding the '015 Patent exists between Plaintiff and Defendants based on the allegations set forth previously. The allegations described in those paragraphs constitute assertions that Defendants infringe claims of the '015 patent.

85. On February 22, 2000, the '015 patent was issued with David A. Harrell as the named inventor.

86. Plaintiff claims to be the owner of all rights, title, and interest in and to the '015 patent, including the right to sue and recover for damages.

87. Plaintiff alleges that Defendants' sale of certain products\services infringe the '015 patent.

88. The products\services sold by Defendants have not and do not infringe any claim of the '015 patent directly or indirectly, literally or under the doctrine of equivalence.

89. Pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaratory judgment that Defendants do not infringe any claims of the '015 patent and any other relief that the Court deems necessary or proper.

## COUNT II

## Declaratory Judgment Of Invalidity Of The '015 Patent

90. The claims of the '015 patent are invalid, void and unenforceable for failure to comply with one or more of the requirements of the Patent Laws of the United States, including 35 U.S.C. §§ 101, 102, 103 and 112, as set forth fully in the Affirmative Defenses at one or more of paragraphs 32-78 herein above, all of which are incorporated herein by reference.

91. There is an actual substantial and continuing justiciable controversy between the parties having adverse interest of sufficient immediacy and relativity as to the validity, infringement and enforceability of the '015 patent to warrant the issuance of a declaratory judgment of invalidity of the '015 patent.

92. A valid and justiciable controversy regarding the '015 patent exists between Plaintiff and Defendants based on the allegations set forth previously. The threats described in those paragraph constitute assertions that Defendants infringed valid claims of the '015 patent.

93. Pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaratory judgment that the '015 patent is invalid and any other relief that the Court deems necessary or proper.

## RELIEF REQUESTED

**WHEREFORE,** Defendants, PHYSICIANS INTERACTIVE INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., and SKYSCAPE.COM, INC., demand judgment against Plaintiff, OPTIMIZERx CORPORATION, as follows:

(a) That a judgment be entered declaring that the '015 patent is not infringed by Defendants and that the '015 patent is invalid, void and unenforceable;

(b) The Defendants be awarded their costs, disbursements and attorneys' fees incurred in this action, pursuant to 35 U.S.C. §285 and other provisions of the law;

(c) Denying each and every demand sought in the Complaint;

(d) Dismissing the Complaint with prejudice; and

(e) The Defendants be granted such other and further relief that the Court deems just and proper.



BIK

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: September 27, 2013

/s/ Robert C.J. Tuttle

Mark A. Cantor (P32661)
Robert C.J. Tuttle (P25222)
Chanille Carswell (P53754)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
rtuttle@brookskushman.com
ccarswell@brookskushman.com

John H. Pearson, Jr.
PEARSON & PEARSON, LLP
10 George Street
Lowell, MA 01852
Tel: (978) 452-1971 / Fax: (978) 453-8887
Email: jpearson@pearson-pearson.com

*Attorneys for Defendants*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on September 27, 2013, I electronically filed the foregoing **DEFENDANTS' PHYSICIANS INTERACTIVE, INC., PHYSICIANS INTERACTIVE HOLDINGS, INC., AND SKYSCAPE.COM, INC.'S SECOND AMENDED ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None..

**BROOKS KUSHMAN P.C.**

/s/ Robert C.J. Tuttle

Mark A. Cantor (P32661)
Robert C.J. Tuttle (P25222)
Chanille Carswell (P53754)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
rtuttle@brookskushman.com
ccarswell@brookskushman.com

John H. Pearson, Jr.
PEARSON & PEARSON, LLP
10 George Street
Lowell, MA 01852
Tel: (978) 452-1971 / Fax: (248) 453-8887
Email: jpearson@pearson-pearson.com

*Attorneys for Defendants*