IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPTIMIZERx CORPORATION,
a Michigan corporation,

Plaintiff,

vs.

Case No: 2:13-cv-10481-AC-DRG
HON. AVERN COHN
Mag. Judge David R. Grand

PHYSICIANS INTERACTIVE INC., a Delaware corporation, PHYSICIANS INTERACTIVE HOLDINGS, INC., a Delaware corporation, and SKYSCAPE.COM, INC., a Delaware corporation,

Defendants.
_________________________________________/

George D. Moustakas (P41631)
Stephanie L. Dowdy (P77225)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
gdmoustakas@hdp.com
sdowdy@hdp.com
_________________________________________/

**PLAINTIFF OPTIMIZERX CORPORATION'S ANSWER TO DEFENDANT PHYSICIANS INTERACTIVE HOLDINGS, INC.'S SECOND AMENDED COUNTERCLAIMS**

NOW COMES Plaintiff, OptimizeRx Corporation ("OptimizeRx") and for its Answer to Defendant Skyscape.com, Inc.'s ("Defendant") Second Amended Counterclaims, states as follows:

## PARTIES

79. OptimizeRx admits the allegations set forth in Paragraph 79 of Defendant's Counterclaims.

80. OptimizeRx denies the allegations contained in paragraph 80 of Defendant's Counterclaims.

## JURISDICTION AND VENUE

81. OptimizeRx admits that this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1, et seq. OptimizeRx also admits that this Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1338(a) and 2201. OptimizeRx also admits that this Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332(a), but denies the remaining allegations set forth in paragraph 81 of Defendant's Counterclaims.

82. OptimizeRx admits that Venue is proper.

## COUNT I

**Declaratory Judgment of Non-Infringement**
**Of the '015 Patent**

83. OptimizeRx admits that Defendant seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202, but denies the remaining allegations set forth in paragraph 83 of Defendant's Counterclaims.

84. OptimizeRx admits that a justiciable controversy exists and that Defendant's infringe the '015 patent, but denies the remaining allegations set forth in paragraph 84 of Defendant's Counterclaims.

85. OptimizeRx admits that the '015 patent was issued with David A. Harrell as the named inventor, but denies that the '015 patent issued on February 22, 2000.

86. OptimizeRx admits the allegations set forth in paragraph 86 of Defendant's Counterclaims.

87. OptimizeRx admits the allegations set forth in paragraph 87 of Defendant's Counterclaims.

88. OptimizeRx denies the allegations contained in paragraph 88 of Defendant's Counterclaims.

89. OptimizeRx denies the allegations contained in paragraph 89 of Defendant's Counterclaims.

## COUNT II

## Declaratory Judgment of Invalidity of the '015 Patent

90. OptimizeRx denies the allegations contained in paragraph 90 of Defendant's Counterclaims.

91. OptimizeRx denies the allegations contained in paragraph 91 of Defendant's Counterclaims.

92. OptimizeRx admits that a justiciable controversy exists and that Defendant's infringe the '015 patent, but denies the remaining allegations set forth in paragraph 92 of Defendant's Counterclaims.

93. OptimizeRx denies the allegations contained in paragraph 93 of Defendant's Counterclaims.

## Demand for Jury Trial

OptimizeRx realleges its demand for a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, OptimizeRx respectfully requests that this Court enter judgment against Defendant, as follows:

A. Dismissing Defendant's Counterclaims in their entirety;

B. Declaring that Defendant has directly infringed, literally or under the doctrine of equivalents, the Patent-in-Suit;

C. Awarding OptimizeRx damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, and ordering a full account of same;

D. Awarding OptimizeRx enhanced damages, up to and including trebling of OptimizeRx' damages pursuant to 35 U.S.C. § 284, for Defendant's willful infringement of the Patent-in-Suit;

E. Awarding OptimizeRx attorneys' fees pursuant to 35 U.S.C. § 285, for Defendant's willful infringement of the Patent-in-Suit;

F. Awarding OptimizeRx pre-judgment and post-judgment interest on its damages; and

G. Awarding OptimizeRx such other and further relief in law or equity that the Court deems just and proper.

Dated: October 14, 2013 By: s/ George D. Moustakas /

HARNESS, DICKEY & PIERCE, P.L.C.
George D. Moustakas (P41631)
Stephanie L. Dowdy (P77225)
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
gdmoustakas@hdp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 14, 2013, the foregoing document was filed electronically with the Court using the CM/ECF system, and will be served by operation of the Court's electronic system on the following:

John H. Pearson, Jr., jpearson@pearson-pearson.com
PEARSON & PEARSON, LLP
10 George Street
Lowell, MA 01852

Mark A. Cantor, mcantor@brookskushman.com
Robert C.J. Tuttle, rtuttle@brookskushman.com
Chanille Carswell, ccarswell@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075

*Attorneys for Defendants*

s/ Stephanie L. Dowdy /
HARNESS, DICKEY & PIERCE, P.L.C.
Stephanie L. Dowdy (P77225)
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
sdowdy@hdp.com

*Attorneys for Plaintiff*

18074708.1