UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPTIMIZERX CORPORATION,
a Michigan corporation,

Plaintiff/Counter-Defendant,

v. Case No. 13-10481

SKYSCAPE.COM, a Delaware corporation, HON. AVERN COHN

Defendant/Counter-Plaintiff.
______________________________/

**MEMORANDUM AND ORDER ON CLAIM CONSTRUCTION**

**I.**

This is a patent case. The patent in suit is U.S. Patent No. 8,341,015 (the "'015 patent") entitled "Virtual Sample Cabinet System and Method for Prescription Drug Marketing." Plaintiff/Counter-Defendant OptimizeRX Corporation ("OptimizeRX"), owner by assignment of the patent, claims Defendant/Counter-Plaintiff Skyscape.com ("Skyscape") infringes the patent.

**II.**

**A.**

The claim-in-suit, claim 1, reads:

> 1. A method of facilitating the promotion of prescription drugs by offering price incentives, the method comprising:
> (a) collecting promotional offers by various companies set by those companies and qualification parameters for various drugs sold by them;
> (b) electronically storing and updating said collected pro-

motional offers and qualification parameters in a central drug incentive database and <u>system</u>;
(c) programming a software module to allow remote access to the central drug incentive database and <u>system</u> via the internet;
(d) registering a healthcare providers to permit their use of the software module and thereby to enable
(e) enabling access to said central drug incentive database and <u>system</u> by said software module via the internet by a using registered healthcare provider to inform the provide information to the using registered healthcare provider of available offers on particular prescription drugs when prescribing a drug being prescribed for the condition of a patient being treated by the using health care provider based on information on the patient condition and the registered healthcare provider electronically provided to the software module by the healthcare provider;
(f) enabling electronic selection using said software module by the using healthcare provider of one or more incentives available for the drug being prescribed for the patient and condition being treated by the using healthcare provider based on an electronic check of the central drug incentive database as well as the formulary status data for the particular drug being prescribed, and alternatives to the particular drug being prescribed within a class of drug, and as reflected by the information provided by the using healthcare provider; concerning the particular healthcare provider, and the patient, and the patient condition to be treated with the prescribed drug;
(g) enabling the using healthcare provider to electronically select the method of delivery to present the selected incentive to a selected pharmacy;
(h) enabling the optional printing by the health care provider of a coupon identifying a selected incentive or alternatively the electronic transmission of a selected incentive to said selected pharmacy with required claim information for billing of the manufacturer by the selected pharmacy;
(i) enrolling the patient to electronically receive refill reminders for available on-going discounts and other educational support on the allocated drugs;
(j) capturing the information about the incentive selection and orders fulfilled by said pharmacies using said software module;

> (k) entering the information about the incentive selection and order fulfillments into the central drug incentive database; and
> (i) electronically generating reports summarizing the selection, use, and overall effectiveness of offered incentives from data collected in said central drug incentive database by said system and electronically transmitting said reports to the manufacturer of the drug; thereby facilitating the processes of informing the health care provider of the availability and details of drug incentives, the selection and tracking of incentives such as prescription drug sample vouchers, co-pay coupons, and free trials as well as to efficiently enable patients to obtain the benefits of such incentives and to inform drug companies of the effectiveness of such incentives.

‘015 patent col. 19 ll. 10–40, col. 20 ll. 1–35 (emphasis added).

**B.**

The Field of the ‘015 patent as described in the patent col. 1, ll 16–24 reads:

> This disclosure relates to systems and methods for the business practice of marketing and distributing prescription drug sample vouchers and co-pay coupons by providing means to create, promote, print or electronically send, and track sample vouchers or discount offers, while assisting healthcare providers (HCPs) with a more convenient way to locate, determine and select–via their desktop computer, cell phone or other mobile devices–the most appropriate drugs and savings for their patients.

‘015 Patent col. 1, ll 16–24 (emphasis added).

**III.**

**A.**

Before the Court for resolution is the differences between the parties over the meaning of the word “system(s)” in claim 1. The word is used in claim 1 in combination with “database” as underlined above.

**B.**

OptimizeRX interprets "system(s)" as follows:

> a combination of interacting elements forming a collective entity: a methodical or coordinated assemblage

Skyscape interprets "system(s)" as follows:

> A Virtual Sample Cabinet system, which consists of: (1) a system database access and security interface subsystem, (2) a formulary maintenance assistant, (3) an offer creation and maintenance assistant, (4) a sample dispensing assistant, (5) an automated patient follow-up assistant, (6) a promotion reporting assistant, and (7) a virtual sample cabinet data center.

**IV.**

"System" is a common and ordinary word. There is nothing in the record to suggest that the word has a meaning outside the ordinary and is different than the dictionary definition of the word. Notwithstanding the lengthy record memorializing the parties' differences on the meaning of the word, the Court is satisfied that the dictionary definition is consistent with the manner of use by the inventor in claiming his invention and would be so understood by a person skilled in the art.[1]

As stated in *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 969 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996), claim construction is a matter of law for the Court, and begins with giving a claim term its ordinary and customary meaning. The ordinary and customary meaning of the word "system(s)" is the dictionary definition cited

---

[1] The word "system(s)" is found in the specification over 100 times. Obviously, the inventor meant the same thing each time. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (explaining that claims "'must be read in view of the specification of which they are a part,'" and that the specification "'is always highly relevant to the claim construction analysis[;]" . . . "'it is the single best guide to the meaning of a disputed term.'") (citations omitted).

by OptimizeRX: "a combination of interacting elements forming a collective entity: a methodical or coordinated assemblage."[2]

**V.**

Defendant's effort to persuade the Court that this case is similar to *Honeywell International, Inc. v. ITT Industries, Inc.*, 330 F. Supp .2d 865 (E.D. Mich. 2004), *aff'd* 452 F.3d 1312 (Fed. Cir. 2006), in that there is only one embodiment disclosed in the specification, has not been rejected. Such a finding if appropriate awaits further development of the case. As the Court explained in *Honeywell*:

> This is a tentative decision. [footnote omitted]. Experience in patent cases shows that subsequent proceedings and particularly trial may reveal aspects of claim interpretation not apparent at this point of the case in the papers.

*Id.* at 888.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 19, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

---

[2] Attached exhibit A reflects the parties' interpretations of system(s) and this Court's construction at this stage in the case.

**Exhibit A**

**“system(s)”**

| Plaintiff OptimizeRX | Defendant Skyscape.com | Court |
|---|---|---|
| “a combination of interacting elements forming a collective entity: a methodical or coordinated assemblage” | “A Virtual Sample Cabinet system, which consists of: (1) a system database access and security interface subsystem, (2) a formulary maintenance assistant, (3) an offer creation and maintenance assistant, (4) a sample dispensing assistant, (5) an automated patient follow-up assistant, (6) a promotion reporting assistant, and (7) a virtual sample cabinet data center.” | “a combination of interacting elements forming a collective entity: a methodical or coordinated assemblage” |